UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIOLOGICAL DYNAMICS, INC.,<br><br>                      Plaintiff,<br><br>v.<br><br>EXOKÉRYX, INC.,<br><br>                      Defendant.<br><br>AND RELATED COUNTERCLAIM. | Case No.: 23-cv-01664-JO-JLB<br><br>**ORDER GRANTING BIOLOGICAL DYNAMICS, INC.'S UNOPPOSED MOTION TO FILE UNDER SEAL EXHIBIT 3 IN SUPPORT OF ITS MOTION TO COMPEL**<br><br>**[ECF No. 96]** |

Before the Court is Plaintiff Biological Dynamics, Inc.'s ("BDI") Unopposed Motion to File Under Seal Exhibit 3 in support of its Motion to Compel Exokeryx, Inc. ("Exokeryx") to Produce Documents Responsive to the First Set of Requests for Production ("Motion to Seal"). (ECF No. 96.) BDI seeks an order sealing portions of Exhibit 3 filed in support of its Motion to Compel (ECF Nos. 94, 95). (ECF No. 96 at 2.)

BDI contends that portions of Exhibit 3, which contain BDI's Supplemental Response to Defendant Exokeryx's Interrogatory No. 1 asking BDI to identify its trade secrets, should be sealed due to the highly confidential and commercially sensitive trade secret information it contains. (*Id.*) Pursuant to the Protective Order (ECF No. 62) entered in this case, BDI designated information in the Supplemental Response as

"CONFIDENTIAL – FOR OUTSIDE COUNSEL ONLY" since it involves "BDI's proprietary lab-on-a-chip process, which has been acquired by [Xzom, Inc.("Xzom")] as part of the ABC process" giving BDI and Xzom, an advantage over competitors. (ECF No. 96 at 2, 5.) BDI argues that both BDI and Xzom "would suffer irreparable harm from the public disclosure of this highly confidential proprietary information." (*Id*. at 2; *see* ECF No. 96-1 ¶¶ 6,7.) BDI further argues its request is narrowly tailored since it seeks to redact only specific portions of Exhibit 3. (*Id*.) Exokeryx does not oppose the Motion to Seal. (ECF No. 96 at 2–3; Trenda Decl. ¶ 12.)

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents,'" which is "justified by the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, n.7, 598 (1978)). As such, a party seeking to seal a judicial record attached to a dispositive motion must "articulate[] compelling reasons supported by specific factual findings" that can surmount the "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Protecting confidential commercial and trade secret information has been found to be a compelling reason. *See, e.g., In re Qualcomm Litigation*, No. 17-cv-00108-GPC-MDD, 2019 WL 1557656, at *2 (S.D. Cal., Apr. 10, 2019) (finding that compelling reasons exist to seal exhibits containing sensitive financial terms, royalty agreements, proprietary business strategies, and confidential licensing negotiations.)

However, a different standard applies to non-dispositive motions. *Kamakana*, 447 F.3d at 1179. "Non[-]dispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1179). "In light of the weaker public interest in non[-]dispositive materials, [courts] apply the 'good cause' standard when parties wish to keep them under seal." *Pintos*, 605

F.3d at 678; *see also* Fed. R. Civ. P. 26(c) (stating that for good cause shown, courts may enter an order preventing the disclosure of a "trade secret or other confidential research, development, or commercial information"). "A 'good cause' showing will suffice to seal documents produced in discovery." *Kamakana*, 447 F.3d at 1180; *see also Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212–13 (9th Cir. 2002) (noting that when a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted).

For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result." *Phillips*, 307 F.3d at 1210–11 (citing *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"), and *San Jose Mercury News, Inc.*, 187 F.3d at 1102 (holding that to gain a protective order the party must make "particularized showing of good cause with respect to any individual document")).

Here, the pending Motion to Compel is a non-dispositive discovery motion that is not directly related to the merits of the case.[1] (*See* ECF No. 94.) Accordingly, the good cause standard applies. The Court finds that BDI has established that good cause exists to seal parts of Exhibit 3 related to commercially sensitive and highly confidential trade secrets because they have shown that specific prejudice or harm will result unless the documents and/or information is sealed. Moreover, the Court finds that the sealing request

---

[1]   The Ninth Circuit does not intend for the descriptive terms of "dispositive" and "nondispositive" to be mechanical classifications where "the right of public access would be limited solely to literally dispositive motions." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016). Rather "public access will turn on whether the motion is more than tangentially related to the merits of a case." *Id*. at 1101; *see also, In re Midland National Life Insurance Company Annuity Sales Practices Litigation*, 686 F.3d 1115, 1120 (9th Cir. 2012) (finding that a *Daubert* motion should be treated as dispositive since it "pertain[ed] to central issues bearing on defendant's summary judgment motion").

is narrowly tailored to only specific portions of the documents that warrant sealing. Accordingly, the Court finds good cause to **GRANT** BDI's Motion to Seal. The Clerk of Court is directed to file under seal the Proposed Document lodged at ECF No. 97.

**IT IS SO ORDERED.**

Dated:  December 19, 2024

*/s/ Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge